Stephen W. Rupp, #2824
Mark C. Rose, #13855
**MCKAY, BURTON, & THURMAN, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: srupp@mbt-law.com
E-mail: mrose@mbt-law.com
*Attorneys for Plaintiff Stephen W. Rupp, as Trustee
of the Chapter 7 Bankruptcy Estate of Dallen F. Singleton*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DALLEN F. SINGLETON<br><br>Debtor. | Bankruptcy No. 16-29985 KRA<br>(Chapter 7) |
| STEPHEN W. RUPP, as Trustee of the Chapter 7 Bankruptcy Estate of Dallen F. Singleton,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF UTAH, DEPARTMENT OF HUMAN SERVICES (Office of Recovery Services), a Utah governmental entity,<br><br>Defendant. | Adversary Proceeding No. 18-_____<br><br>Hon. Kevin R. Anderson<br><br>**FILED ELECTRONICALLY** |

# C O M P L A I N T

1

Plaintiff Stephen W. Rupp, as trustee of the Chapter 7 bankruptcy estate of Dallen F. Singleton in bankruptcy case 16-29985, hereby complains and alleges against Defendant The State of Utah, Department of Human Services (Office of Recovery Services) as follows:

## PARTIES

1. Plaintiff Stephen W. Rupp ("Plaintiff") is the duly appointed trustee of the Chapter 7 bankruptcy estate for Dallen F. Singleton ("Debtor") in bankruptcy case 16-29985 (the "Bankruptcy Case"), which is pending in the United States Bankruptcy Court for the District of Utah—Central Division (the "Bankruptcy Court"), and is the representative of Debtor's bankruptcy estate in the Bankruptcy Case and has the capacity to commence legal proceedings.

2. Defendant The State of Utah, Department of Human Services (Office of Recovery Services) ("Defendant"), is a Utah governmental entity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and by General Order of Reference (DUCivR 83-7.1) from the United States District Court for the District of Utah.

4. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2) and arises under Title 11 of the United States Code (the "Bankruptcy Code") and relates to the Bankruptcy Case.

5. Venue for this adversary proceeding is proper in accordance with 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

6. On November 10, 2016 ("Petition Date"), Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 13 bankruptcy code.

7. On March 30, 2017, Debtor voluntarily converted the Bankruptcy Case from one under Chapter 13 to one under Chapter 7.

8. On or about April 1, 2017, Plaintiff was appointed as trustee of Debtor's Chapter 7 bankruptcy estate.

9. During Plaintiff's investigation of Debtor's financial affairs and dealings, Plaintiff discovered that Debtor did not complete the proper filing of his 2015 and 2016 federal tax returns (the "Relevant Tax Returns").

10. On October 4, 2017, Plaintiff filed an application with the Bankruptcy Court seeking to employ Barbara M. Smith ("Ms. Smith") as accountant for Debtor's bankruptcy estate.

11. On October 16, 2017, the Bankruptcy Court approved Ms. Smith's appointment.

12. The purpose of Ms. Smith's appointment was for her to review and file the Relevant Tax Returns for Debtor.

13. After Ms. Smith prepared and filed the Relevant Tax Returns, there was a credit of $7,146.24 due and owing to Debtor from the U.S. Department of the Treasury.

14. On March 2, 2018, the U.S. Department of the Treasury directed and paid the $7,146.24 to Defendant (the "Transfer").

15. The Transfer occurred within two (2) years of the Petition Date.

**FIRST CAUSE OF ACTION**
*(Unauthorized Postpetition Transfer –11 U.S.C. §§ 549 and 550)*

16. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7010, Plaintiff incorporates by reference paragraphs one (1) through fifteen (15) of this Complaint as if fully set forth herein.

17. Defendant received the Transfer after the commencement of the Bankruptcy Case.

3

18. Pursuant to 11 U.S.C. §541, the $7,146.24 transferred to Defendant was property of Debtor's bankruptcy estate.

19. The Transfer was not authorized nor permissible.

20. By reason of the foregoing, Plaintiff may avoid the Transfer pursuant to 11 U.S.C. §§ 549 and 550.

21. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant the Transfer or the value of the Transfer.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff requests relief and remedy against Defendant as follows:

A. On the first cause of action, an appropriate judgment or order avoiding the Transfer and allowing Plaintiff to recover from Defendant the Transfer or the value of the Transfer, plus such additional amounts to be shown at trial; and

B. Such other relief and remedy as deemed appropriate by the Bankruptcy Court.

DATED this 2nd day of August, 2018.

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Mark C. Rose
Mark C. Rose
*Attorneys for Plaintiff Stephen W. Rupp,*
*as Trustee of the Chapter 7 Bankruptcy*
*Estate of Dallen F. Singleton*